JUDGE ROBERTSON
delivered the opinion of the court.
In an action of replevin by the appellant against the appellee, N. M. Bethume, for a. horse, the latter retained the possession on the execution of a bond, with the simple condition that he would “perform the judgment of the court.”
The appellant having obtained judgment for the horse and also the costs of the action, and an execution for the costs having been returned “no property,” brought this action on the bond against said appellee, and his co-defendants as his sureties, to enforce the judgment for the costs, taxed at $116.85. The appellees denied that the *114 bond embraced the costs, and the circuit court, adjudging that it did not, dismissed the action.
The condition of this bond is precisely that prescribed for such a case by section 215 of the Code of Practice; and the costs, constituting, as they do, a part of the entire judgment as rendered, are like any other portion of it embraced by the condition of the bond in its literal and comprehensive import.
But the counsel for the appellees argues that the fact that the more explicit condition, previously prescribed by section 211 — for the bond to be executed by the plaintiff' in the action expressly specifies costs — indicates that costs were intentionally pretermitted by the 215th section prescribing the form of the defendants’ bond, and that therefore costs are constructively excluded from the condition of the defendants’ bond. "We can not so construe those two sections. Section 211 specifies each of the plaintiff’s liabilities to judgment; section 215, contemplating the defendants’, contingent liabilities as the identical converse, except as to the prosecution of the action, omitted all specification of them as superfluous, and included all in the word judgment, however and whatever it might be; and therefore the condition of the bond prescribed by this section does not explicitly include return, or payment of value, or of damages if adjudged, any more than the payment of costs when adjudged. But the same object and reason would include each alike when the judgment as rendered embraces it. Reciprocity and equality corroborate this interpretation, which is still more strengthened by the fact that section 215, instead of specification, says, of the condition, that it shall be, “in effect,” performance of the judgment. For these reasons ita lex scripta speaks for and interprets itself satisfactorily to the j udiciary.
*115 We therefore adjudge that the judgment for costs, its well as for the horse, is embraced by the bond sued on, and that the sureties are equally liable for them.
Wherefore the judgment of the circuit court is reversed, and the cause remanded for a new trial.